FILED '10 MAR 02 10:00 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STUART A. MACPHERSON,                                            09-CV-82-TC

                              Plaintiff,

            v.                                    FINDINGS and RECOMMENDATION

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                              Defendant.
_____

COFFIN, Magistrate Judge:

## Introduction

Plaintiff Stuart A. MacPherson brings this action pursuant to the Social Security Act, 42

U.S.C. § 405(g) (the Act), to obtain judicial review of a final decision the Commissioner of the

Social Security Administration (Commissioner) denying his claim he is disabled within the meaning

of the Act. For the reasons discussed below, I recommend that the court affirm the Commissioner's

decision and dismiss this matter.

        Plaintiff completed a high school education by way of a General Educational Development

Page 1 - FINDINGS and RECOMMENDATION

(GED) in 1984. He suffered a below-knee amputation in 1979. (Doc. 11, p. 2) His past work has been as a truck driver, which he no longer performed as of May 2002. (Doc. 12, p. 3). He was 41 years old on May 10, 2002, which was the date of his initial alleged onset of disability. (Doc. 12, p. 3). He has not performed substantial gainful activity since the onest date of his alleged disability. (Doc. 12, p. 3).

The medical records in this case accurately set forth the Plaintiff's medical history as it relates to his claim for benefits. The court has carefully reviewed the medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be discussed below only as they are relevant to the issues before the court.

## Procedural Background

On October 4, 2004 plaintiff filed an application for a period of disability and disability insurance benefits. (T.R. 12). The claim was denied initially and upon reconsideration. On September 17, 2007, an Administrative Law Judge (ALJ) held a hearing, and on November 9, 2007, the ALJ issued a decision denying benefits. Plaintiff requested review of the ALJ's decision. On November 19, 2008, the Appeals Council denied review, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. Plaintiff timely filed an action in this court.

## Standard

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir.

Page 2 - FINDINGS and RECOMMENDATION

1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a

preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996)(citing Sorensen v.

Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975)).  "It means such evidence as a reasonable

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59

S. Ct. 206 (1938)).  The court must consider both evidence that supports and evidence that

detracts from the Commissioner's decision, but the denial of benefits shall not be overturned

even if there is enough evidence in the record to support a contrary decision. Jones v. Heckler,

760 F.2d 993, 995 (9th Cir. 1985).  If substantial evidence supports the administrative findings,

or if there is conflicting evidence supporting a finding of either disability or nondisability, the

finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987),

and may be set aside only if an improper legal standard was applied in weighing the evidence.

Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### Discussion

Plaintiff asserts that the ALJ erred by:  (1) failing to adequately develop the record by

seeking clarification of plaintiff's physical impairments from either his treating physician or

consultative examiner; (2) improperly disregarding plaintiff's statements about the intensity and

persistence of his pain and other symptoms; (3) failing to recontact plaintiff to ascertain the

reason for his alleged lack of treatment before drawing an unfavorable inference; and (4) failing

to give evidentiary weight to plaintiff's Veteran's Administration 100% disability rating and

unemployable finding.  I address each of plaintiff's assignments of error in turn.

///

## I.  Development of the Record

Plaintiff claims that testimony in the record–that of plaintiff and two lay witnesses–establishes that plaintiff's ability to function is less than what is indicated in the medical opinion of state agency consultants upon which the ALJ relied.  Thus, plaintiff contends that the ALJ erred by giving the medical opinion controlling weight.  Specifically, plaintiff argues that the ALJ should have further developed the record by seeking clarification of plaintiff's physical impairments from either his treating physician or consultative examiner and by  re-contacting plaintiff to ascertain the reason for his alleged lack of treatment before drawing an unfavorable inference.

Generally in Social Security cases, the ALJ has a special duty to "develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel."  Mayes v. Massanari, 276 F.3d 453, 459 (9th Cir. 2001).  However, an ALJ's duty to further develop the record is only triggered when there is ambiguous evidence or the record is inadequate to allow for the proper evaluation of the evidence.  Id. at 459-460; see also Castanda v. Astrue, 2009 WL 2778043 *2 (9th Cir. 2009).  The 9th Circuit has held that there is no duty to re-contact doctors if the evidence in the record is adequate for the ALJ to make its determination.  Bayliss v. Barnhart,  427 F.3d 1211, 1217 (9th Cir. 2005).

During the relevant period here, plaintiff received most of his treatment at the Veteran's Administration Medical Center (VAMC).  These records provide ample and clear evidence of plaintiff's medical condition.  The records describe plaintiff's medical condition from 2002 through 2005.  (Tr. 186-87, 181, 177, 173-74, 151-155, 168.)  Although witness testimony conflicted with the VAMC treatment records, the ALJ found that the witness testimony was not

credible.  Walters v. Gardner, 452 F.2d 855, 858, n. 7 (9th Cir. 1971)(noting that it is the ALJ's

duty to ascribe proper weight to testimony , giving due regard to motivation and credibility and to

evaluate and resolve conflicting evidence).  In short, plaintiff has not established that the medical

record is ambiguous or inadequate.  Accordingly, I find that the ALJ had no duty to re-contact

plaintiff's physicians.  Mayes, 276 F.3d at 459-460.

　　　　Similarly, I find that the ALJ did not have a duty to re-contact plaintiff to determine the

reason for plaintiff's lack of treatment before drawing an unfavorable inference from that lack of

treatment.  (Doc. 11, p. 5).  Although plaintiff generally alleges that the ALJ drew inferences

about plaintiff's symptoms from plaintiff's alleged failure to seek regular medical treatment, he

fails to identify specific instances of such inferences in the ALJ's opinion.  A review of the ALJ's

opinion establishes that the opinion only draws inferences from the treatment record and the

treatment record notes.  For example, the ALJ states that there is no evidence that it is a medical

necessity that plaintiff lie down during the day  (Tr. 17.)  However, this statement does not

indicate that the ALJ drew an inference from the plaintiff's failure to seek treatment for any

condition.  Instead, this statement reflects the evidence in the record that plaintiff was "very

active."  (Id.)  Moreover, plaintiff consistently sought treatment for the ailments which he alleges

require him to lie down during the day.  (See e.g., Tr. 147, 150, 155, 156.)  Plaintiff has not

shown that the ALJ drew inferences from plaintiff's lack of treatment.  Accordingly, I find that

the ALJ did not err by not re-contacting plaintiff to further develop the record.  Bayliss v.

Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

///

///

Page 5 - FINDINGS and RECOMMENDATION

## II. Credibility Findings

Plaintiff next argues that the ALJ erred by improperly disregarding his statements about the intensity and persistence of his pain. The ALJ must resolve conflicts and questions of credibility and a reviewing court must uphold those findings if they are based on substantial evidence. See Sample, 649 F.2d at 642. The ALJ is required to consider a Social Security claimant's testimony relating to subjective symptoms, such as pain or depression. 20 C.F.R. § 404.1529; Smolen v. Chater, 80 F.3d 1273 (9th Cir. 1996). However, the ALJ "cannot be required to believe every allegation of disabling pain," even when the claimant introduces medical evidence the shows a condition that would be expected to produce some pain. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). In weighing the claimant's credibility, the ALJ may consider: "Claimant's reputation for truthfulness, inconsistencies either in claimant's testimony or between her testimony and her conduct, claimant's daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which claimant complains." Thomas v. Barnhart, 278 F.3d 947, 958 -959 (9th Cir. 2002)(quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)(internal brackets omitted).

Here, the ALJ's finding that plaintiff was not entirely credible is supported by substantial evidence. In his decision, the ALJ noted plaintiff's inconsistent statements regarding his use of marijuana. (T.R. 17). In finding plaintiff's testimony regarding his daily activities less than credible, the ALJ noted that there was no medical evidence to support plaintiff's assertion that he had to lie down several times a day. Moreover, the ALJ noted that plaintiff's medical records described him as "very active" and upgraded his prosthesis to match his high activity level. (Id.)

Plaintiff also reported being able to complete many household tasks, including gardening, mowing, raking, and caring for his young children. (Id.) In short, consideration of the underlying medical record establishes that the ALJ did not arbitrarily discredit plaintiff's testimony. Ortez v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).

Similarly, I find that the ALJ did not err in discrediting the lay witness evidence offered by plaintiff's neighbor, Charity Baker, and friend, Alice Larson. Lay witness testimony regarding a claimant's symptoms "is competent and must be taken into account" unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ may "draw inferences logically flowing from the evidence." Sample, 694 F.2d at 642. An ALJ need not discuss or reject non-probative evidence and may reject lay evidence when it conflicts with the medical record. Vincent ex rel. v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Here, the ALJ specifically noted the lay witnesses' testimony. (Tr. 17.) He concluded that the limitations the lay witnesses testified to were not entirely credible in light of the medical record. (Id.) Specifically, the ALJ noted that in contrast to the lay witness testimony that plaintiff lacked motivation and was significantly limited in household tasks, the medical record established that plaintiff was very active and able to complete tasks such as mowing, caring for his young children, gardening, and raking. (Id.) The ALJ offered germane reasons for rejecting the lay witness's testimony and his conclusions are supported by substantial evidence in the record.

///

///

### III. Veterans Administration Rating

Finally, plaintiff alleges that ALJ failed to give evidentiary weight to plaintiff's Veterans Administration (VA) disability rating. (Doc. 11, p. 5). In the 9th Circuit, a VA disability rating does not necessarily compel the ALJ to reach an identical result. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ must, however, consider the VA's findings in reaching its decision. Id. The McCartey court held that while an ALJ must ordinarily give a VA disability determination "great weight," the ALJ may give less weight to a VA disability rating if it gives "persuasive, specific, valid reasons for doing so that are supported by the record." Id. In so holding, the court recognized that the VA and Social Security Administration's criteria for determining disability are not identical, but they do share many similarities. Id.

In the instant case, the ALJ noted that the VA rating did not address plaintiff's residual functional capacity and did not include a vocational assessment. The ALJ relied on a physical residual functional capacity assessment (RFC) prepared by state agency medical experts who reviewed plaintiff's medical file. (Tr. 17-18.) After reviewing the state agency findings of plaintiff's capabilities along with the records of plaintiff's treating physicians and plaintiff's testimony regarding his daily activities, the ALJ determined that plaintiff retained the RFC to perform light to medium work with certain limitations. (Tr. 15.) There is substantial evidence in the record to support the ALJ's rejection of the VA's disability rating. Richardson, 402 U.S. at 402.

### Conclusion

For the reasons discussed above, I find that the ALJ's decision is supported by substantial evidence. I recommend that the Court affirm the Commissioner's decision and enter judgment

Page 8 - FINDINGS and RECOMMENDATION

dismissing this case.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this ____1st____ day of March 2010.

_____
THOMAS M. COFFIN
United States Magistrate Judge